# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0556
_____

AMBER BROWNER, Wife,

    Appellant,

    v.

TRAVIS BROWNER, Husband,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

April 22, 2019

PER CURIAM.

Appellant filed a notice of appeal on February 14, 2019, seeking to appeal a final judgment of dissolution of marriage entered on January 2, 2019, and an order denying a motion for rehearing on timesharing entered on January 14, 2019. Noting that the order reserved jurisdiction to determine issues of child support and equitable distribution, we ordered Appellant to show cause why the appeal should not be dismissed as premature.

In response, Appellant states that the trial court did not reserve jurisdiction on the issues of timesharing and parental responsibility, and as to these issues, the order constitutes a final order. We disagree. While the order may have resolved the issues addressed, "the reservation of jurisdiction over related claims

necessarily renders the order nonfinal." *Hoffman v. O'Connor*, 802 So. 2d 1197, 1197 (Fla. 1st DCA 2002). And although portions of the order appear to be immediately reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), the appeal is not timely as a nonfinal appeal. *Ward v. Bragg*, 957 So. 2d 670, 670–71 (Fla. 1st DCA 2007) (holding that rehearing of a nonfinal order is not authorized and does not delay rendition). The appeal is therefore dismissed for lack of jurisdiction.

DISMISSED.

RAY, OSTERHAUS, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Clark H. Henderson of Oberliesen & Henderson, Shalimar, for Appellant.

No appearance for Appellee.